UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV686-A |
| ) | |
| RONNIE B. HALES AND WINSTON ) | |
| FULFORD, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT RONNIE B. HALES'
RESPONSE TO PLAINTIFFS' COMPLAINT**

Defendant Ronnie B. Hales, asserts the following in response to Plaintiffs' complaint.

**AFFIRMATIVE DEFENSES**

For his affirmative defenses to the Complaint, Ronnie B. Hales pleads the following:

FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

SECOND DEFENSE

The Plaintiff's Complaint is barred by the doctrines of waiver and/or estoppel and/or the applicable statute of limitations.

THIRD DEFENSE

The Plaintiff's Complaint is not the proper party to bring this action and lacks standing.

## FOURTH DEFENSE

The Complaint is barred by the Plaintiff's failure to mitigate the alleged damages.

## FIFTH DEFENSE

Ronnie B. Hales generally denies each and every material allegation of the Complaint and demands strict proof thereof.

## SIXTH DEFENSE

Defendant denies that it is guilty of any conduct warranting an award as treble or punitive damages.

## SEVENTH DEFENSE

An award of punitive or treble damages in this case would violate the due process clause of the Constitution of the United States and the Constitution of Alabama as Alabama's law regarding punitive damages lacks adequate standards for determining whether or not to award punitive damages and, if so, the amount of such an award.

## EIHGTH DEFENSE

The Complaint is barred by the Plaintiff's negligence.

## NINTH DEFENSE

The claim submitted by Hales was not a claim as defined in the False Claims Act.

## **ANSWER**

### **Jurisdiction and Venue**

1.  Hales admits that the Court has jurisdiction of the parties and issues presented in this case but to the extent the allegations of Paragraph 1 imply any liability or wrongdoing on his part they are denied.

2.  Admitted

**Parties**

3. Admitted

4. Admitted

5. Admitted

**Factual Background**

**A) The Watermelon Pilot Program**

6. Admitted

7. Admitted

8. Admitted

9. In response to the allegations of Paragraph 9, Hales admits that the Watermelon Pilot Program had eligibility requirements and states that the plan documents speak for themselves. Those set forth in Paragraph 9 may be included.

**B) Defendants' Conspiracy to Defraud the Unites States,
False Statements and False Claims**

10. Denied

11. Denied

12. Hales admits purchasing RCIS insurance from Joseph E. Carpenter. The remaining allegations are denied.

13. Regarding the allegations of Paragraph 13, Hales admits submitting information but denies that he submitted false information or was involved in a conspiracy.

14. Regarding the allegations of Paragraph 14, Hales admits submitting information but denies that he submitted false information or was involved in a conspiracy.

15. Denied.

16. Denied.

17. Regarding the allegations of Paragraph 17, Hales admits submitting information but denies that he submitted false information or was involved in a conspiracy.

18. Denied.

19. Denied.

### C) Payments Obtained by Defendants' Fraud

20. Regarding the allegations of Paragraph 20, Hales admits receiving the insurance proceeds but denies the remaining allegations.

21. Hales lacks sufficient knowledge of the information contained in the allegations of Paragraph 21 to admit or deny them and therefore demands strict proof thereof.

22. Denied.

23. Regarding the allegation of Paragraph 23, Hales admits receiving the insurance proceeds but denies the remaining allegations.

### First Claim for Relief

### False Claims Act – False Claims Act, 31 U.S.C. § 3729(a)(1) – Presenting, or Causing to Be Presented, False or Fraudulent Claims

24. Defendant Hales adopts and incorporates herein his responses to paragraphs 1 through 23.

25. Denied.

26. Denied.

27. Denied.

### Second Claim for Relief

### False Claims Act – False Claims Act, 31 U.S.C. § 3729(a)(2) – Making, Using, or Causing to be Made or Used, A False Statement

4

28. Defendant Hales adopts and incorporates herein his responses to paragraphs 1 through 27.

29. Denied.

30. Denied.

31. Denied.

### Third Claim for Relief

### False Claims Act – False Claims Act, 31 U.S.C. § 3729(a)(3) – Conspiring to Defraud the United States

32. Defendant Hales adopts and incorporates herein his responses to paragraphs 1 through 31.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

### Fourth Claim for Relief

### Unjust Enrichment

37. Defendant Hales adopts and incorporates herein his responses to paragraphs 1 through 36.

38. Denied.

39. Denied.

### Fifth Claim for Relief

### Payment by Mistake

40. Defendant Hales adopts and incorporates herein his responses to paragraphs 1 through 39.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## PRAYER FOR RELIEF

Regarding the unnumbered paragraph beginning with the word Wherefore, the Defendant denies that the Plaintiff is entitled to any of the relief requested.

/s/ Donald R. Jones, Jr.
Donald R. Jones, Jr.
ASB-8900-067D
Ronald W. Wise
ASB-0904-I65R
Attorneys for Defendant Ronnie B. Hales

OF COUNSEL:
Donald R. Jones, Jr., P.C.
2000 Interstate Park Drive
Suite 104
Montgomery, AL  36109
Telephone:     334-277-3939
Facsimile:     334-277-3772

The Defendant demands a trial by jury on all issues in this action.

/s/ Donald R. Jones, Jr.
Donald R. Jones, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Steven M. Doyle and James M. DuBois, P.O. Box 197, Montgomery, Alabama 36101.

/s/ Donald R. Jones, Jr.
Donald R. Jones, Jr.