UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| PLAINTIFF, | ) |
|  | ) |
| VS. | ) |
|  | ) CIVIL ACTION NO.: 1:05CV686-A |
| RONNIE B. HALES and | ) |
| WINSTON FULFORD, | ) |
|  | ) |
| DEFENDANT. | ) |

### ANSWER PRESENTING DEFENSES
### OF DEFENDANT WINTON FULFORD

Comes now the Defendant, **WINTON FULFORD**, and for answer to Plaintiff's Complaint says as follows:

### FIRST DEFENSE

1) Defendant neither admits nor denies the material allegations of paragraph 1 of Plaintiff's Complaint and put Plaintiff upon strict proof of the same. However, Defendant specifically denies that he committed any act in violation of the federal False Claims Act.

2) Defendant admits that venue is proper in the United States District Court, Middle District of Alabama, Southern Division. However, Defendant specifically denies that he committed any act in violation of the federal False Claims Act.

### Parties

3-4) Defendant admits the material allegations set forth in paragraphs 3 and 4 of Plaintiff's Complaint.

5) Defendant, whose correct name is Winton Fulford, admits the material allegations of paragraph 5 of Plaintiff's Complaint.

## Factual Background

### A) The Watermelon Pilot Program

6-9) Defendant neither admits nor denies the material allegations set forth in paragraphs 6 through 9 and puts Plaintiff upon strict proof of the same.

### B) Defendants' Conspiracy to Defraud the United States, False Statements, and False Claims

10-11) Based upon Defendant's knowledge, information and belief, Defendant denies the material allegations set forth in paragraphs 10 and 11 and demands strict proof of the same.

12) Defendant admits that he was aware that Defendant Hales purchased crop insurance. Defendant neither admits nor denies the remaining material allegations set forth in paragraph 12 and puts Plaintiff upon strict proof of the same.

13) Defendant neither admits nor denies the material allegations set forth in paragraph 13 and puts Plaintiff upon strict proof of the same.

14) Defendant admits that he signed the statement attached as Exhibit A to Plaintiff's Complaint. Defendant denies the remaining material allegations set forth in paragraph 14 and demands strict proof of the same.

15) Defendant neither admits nor denies the material allegations set forth in paragraph 15 and puts Plaintiff upon strict proof of the same.

16) Defendant denies the material allegations set forth in paragraph 16 and demands strict proof of the same.

17-18) Defendant neither admits nor denies the material allegations set forth in paragraphs 17 and 18 and puts Plaintiff upon strict proof of the same.

19) Defendant denies the material allegations set forth in paragraph 19 and demands strict proof of the same.

### C. Payments obtained by Defendants' Fraud

20-21) Defendant neither admits nor denies the material allegations set forth in paragraphs 20 and 21 and puts Plaintiff upon strict proof of the same.

22-23) Defendant denies the material allegations set forth in paragraphs 22 and 23 and demands strict proof of the same.

### First Claim for Relief

### False Claims Act - False Claims Act, 31 U.S.C. § 3729(a)(1) - Presenting, or Causing to Be Presented, False or Fraudulent Claims

24) In response to paragraph 24 of Plaintiff's Complaint, Defendant hereby incorporates by reference as if fully set out herein the responses previously made to all preceding paragraphs.

25-27) Defendant avers that the allegations stated in paragraphs 25 through 27 do not appear to apply to this Defendant. However, Defendant denies the material allegations of paragraphs 25 through 27 to the extent that these allegations may be deemed to apply to said Defendant and demands strict proof of the same.

### Second Claim for Relief

### False Claims Act - False Claims Act, 31 U.S.C. § 3729(a)(2) - Making, Using, or Causing to be Made or Used, A False Statement

28) In response to paragraph 28 of Plaintiff's Complaint, Defendant hereby incorporates by reference as if fully set out herein the responses previously made to all preceding paragraphs.

29-31)    Defendant denies the material allegations set forth in paragraphs 29 through 31 and demands strict proof of the same.

### Third Claim for Relief

### False Claims Act - False Claims Act, 31 U.S.C. § 3729(a)(3) - Conspiring to Defraud the United States

32)    In response to paragraph 32 of Plaintiff's Complaint, Defendant hereby incorporates by reference as if fully set out herein the responses previously made to all preceding paragraphs.

33-36)    Defendant denies the material allegations set forth in paragraphs 33 through 36 and demands strict proof of the same.

### Fourth Claim for Relief

### Unjust Enrichment

37)    In response to paragraph 37 of Plaintiff's Complaint, Defendant hereby incorporates by reference as if fully set out herein the responses previously made to all preceding paragraphs.

38-39)    Defendant avers that the allegations stated in paragraphs 38 and 39 do not appear to apply to this Defendant.  However, Defendant denies the material allegations of paragraphs 38 and 39 to the extent that these allegations may be deemed to apply to said Defendant and demands strict proof of the same.

### Fifth Claim for Relief

### Payment by Mistake

40)    In response to paragraph 40 of Plaintiff's Complaint, Defendant hereby incorporates by reference as if fully set out herein the responses previously made to all preceding paragraphs.

41-45)    Defendant avers that the allegations stated in paragraphs 41 through 45 do not appear to apply to this Defendant.  However, Defendant denies the material allegations of

paragraphs 41-45 to the extent that these allegations may be deemed to apply to said Defendant and demands strict proof of the same.

## PRAYER FOR RELIEF

Defendant denies that the Plaintiff is entitled to any of the relief requested against this Defendant pursuant to the unnumbered paragraph demanding and praying for judgment.

## SECOND DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

This Defendant denies each and every material allegation of the Complaint and demands strict proof of the same.

## FOURTH DEFENSE

The Plaintiff's Complaint if barred by the doctrine of waiver and/or estoppel.

## FIFTH DEFENSE

Defendant affirmatively avers that the relief sought by the Plaintiff in its Complaint is barred by the applicable statute of limitations.

## SIXTH DEFENSE

Defendant denies that he is guilty of any conduct warranting an award as treble or punitive damages.

## SEVENTH DEFENSE

Said Defendant hereby gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend his answer to assert such defenses.

        RAMSEY, BAXLEY & McDOUGLE

        By:  */s/ Wade H. Baxley*

| OF COUNSEL: | Wade H. Baxley      (BAX004) |
|---|---|
| James W. Garrett, Jr., (GAR025) | Attorneys for Defendant, |
| Robert C. Ward, Jr. (WAR038) | Winton Fulford |
| Rushton, Stakely, Johnston & Garrett | P. O. Drawer 1486 |
| P. O. Box 270 | Dothan, AL   36302 |
| Montgomery, AL   36101 | (334) 793-6550 |
| (334) 206-3143 | |
| (334) 206-3229 | |

## DEMAND FOR JURY TRIAL

**Defendant demands a trial by jury on all issues in this action.**

        */s/ Wade H. Baxley*
        Of Counsel

## CERTIFICATE OF SERVICE

I, Wade H. Baxley, hereby certify that on November 1, 2005, I electronically served this document upon the following persons:

| | |
|---|---|
| Stephen M. Doyle, Esq. | Donald R. Jones, Esq. |
| Chief, Civil Division | Attorney at Law |
| Assistant United States Attorney | Suite 105 |
| One Court Square, Suite 201 | 2000 Interstate Park Drive |
| Montgomery, AL 36104 | Montgomery, AL 36109-5414 |

        */s/ Wade H. Baxley*
        Of Counsel